# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 7. Mediation Questionnaire

*Instructions for this form:* https://www.ca9.uscourts.gov/forms/form07instructions.pdf

**9th Cir. Case Number(s)** 25-4219

**Case Name** Whitepages, Inc. v. Carrera, et al.

**Counsel submitting this form** Tyler L. Farmer

**Represented party/parties** Whitepages, Inc.

*Briefly describe the dispute that gave rise to this lawsuit.*

Appellees Jennifer Carrera, Carol Anderson, and Becky Jo Palmer ("Appellees"), on their own behalf and on behalf of a putative class, allege that Whitepages, Inc. ("Whitepages") has violated the right of publicity statutes of four states—California, Illinois, Ohio, and Washington.  See Complaint ¶¶ 9-12.  Appellees contend that Whitepages "misappropriates" information by creating so-called "free-preview profile" pages for the individuals whose information appears in the Whitepages database and using them to "advertise" its paid subscription services on three websites—www.whitepages.com; www.peoplesearch.com; and www.411.com.  Compl. ¶¶ 3-4.

Pursuant to the Federal Arbitration Act (FAA), Whitepages moved to compel Appellees to arbitrate their claims (Dkts. 16, 28). By accessing the alleged "free-preview profile" pages Whitepages offers to users, Appellees consented to the Terms of Service contained on these sites, which contain broad arbitration provisions that require disputes to be resolved by binding arbitration.  Accordingly, Appellees are bound by the arbitration provisions.

Appellees dispute that a valid agreement to arbitrate exists (Dkts. 25, 31).

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**  Rev. 09/01/22

1

*Briefly describe the result below and the main issues on appeal.*

The District Court denied Whitepages' Motion to Compel Arbitration on the grounds that Whitepages did not provide sufficient evidence to demonstrate that a valid agreement to arbitrate exists (Dkt. 38).  In so holding, the Court denied Whitepages the opportunity to conduct discovery on the issue of whether a valid agreeement to arbitrate exists.  Additionally, the Court required Whitepages to produce evidence sufficiently demonstrating the existence of a valid arbitration agreement at the pre-discovery motion to compel stage, rejecting the Ninth Circuit's instruction that "the FAA's procedure mirrors the three phases of federal civil lawsuits: a motion to compel arbitration akin to a motion to dismiss; followed by optional discovery before summary judgment, if the motion is denied; followed by a mini-trial, if necessary."  Knapke v. PeopleConnect, Inc., 38 F.4th 824, 833 (9th Cir. 2022).  The main issues on appeal are:

(1) Whether the District Court erred in denying the Motion to Compel Arbitration without permitting discovery as to whether a valid agreement to arbitrate exists.
(2) Whether the District Court erred in concluding that Whitepages did not sufficiently demonstrate the existence of a valid agreement to arbitrate.

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

Appellees have brought similar claims in other tribunals; however, none have been deemed related to this case.  The proceedings below are automatically stayed pursuant to Coinbase, Inc. v. Bielski, 599 U.S. 736, 747 (2023).

**Signature** s/Tyler L. Farmer          **Date** 07/14/2025
*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**                                                                                                                                        *Rev. 09/01/22*

2