**25-4219**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

---

**JENNIFER CARRERA, CAROL ANDERSON,**
**AND BECKY JO PALMER**

***Plaintiffs-Appellees***

**v.**

**WHITEPAGES, INC.**

***Defendant-Appellant***

---

**On Appeal From the United States District Court**
**For the Western District of Washington in Seattle**
**[CAUSE # 2:24-cv-01408-JHC]**

---

# WHITEPAGES, INC.'S RESPONSE TO MOTION FOR SUMMARY AFFIRMANCE

---

Tyler L. Farmer, WSBA #39912
Ariel A. Martinez, WSBA #54869
MARTINEZ & FARMER LLP
4020 East Madison, St., Suite 300
Seattle, WA 98112
Telephone: 206-208-2270
tyler@mfseattle.com
ariel@mfseattle.com

*Attorneys for Whitepages, Inc.*

## TABLE OF CONTENTS

TABLE OF CONTENTS ........ i

TABLE OF AUTHORITIES ........ iii

I. INTRODUCTION ........ 1

II. BACKGROUND ........ 1

III. ARGUMENT ........ 2

A. Plaintiffs Have Failed to Show that Affirmance Is Required Under Controlling Precedent ........ 3

1. *Knapke* Required the District Court to Permit Discovery ........ 3

2. The Abuse of Discretion Standard Does Not Apply ........ 6

B. Plaintiffs Cannot Demonstrate that Whitepages' Arguments on Appeal Are Insubstantial ........ 9

C. *Coinbase* Does Not Require Summary Affirmance ........ 10

IV. CONCLUSION ........ 11

Form 8. Certificate of Compliance for Briefs ........ 13

# TABLE OF AUTHORITIES

## Cases

*Coinbase, Inc. v. Bielski*,
599 U.S. 736 (2023) ....................................................................2, 10

*Do v. First Fin. Sec., Inc.*,
694 F. App'x 481 (9th Cir. 2017)..........................................................2

*Hansen v. LMB Mortg. Servs., Inc.*,
1 F.4th 667 (9th Cir. 2021)...............................................................5, 6

*In re Becraft*,
885 F.2d 547 (9th Cir. 1989)..............................................................10

*In re O'Brien*,
312 F.3d 1135 (9th Cir. 2002)..............................................................9

*Knapke v. PeopleConnect, Inc.*,
38 F.4th 824 (9th Cir. 2022)...................................................... *passim*

*Knievel v. ESPN*,
393 F.3d 1068 (9th Cir. 2005)..............................................................7

*Nguyen v. Barnes & Noble Inc.*,
763 F.3d 1171 (9th Cir. 2014)..............................................................6

*Noel v. Roblox Corp.*,
No. C24-963, 2024 WL 3747454 (N.D. Cal. Aug. 8, 2024).............3, 4

*Produce Pay, Inc. v. Izguerra Produce, Inc.*,
39 F.4th 1158, n.6 (9th Cir. 2022)........................................................7

*Reichert v. Rapid Investments, Inc.*,
56 F.4th 1220 (9th Cir. 2022)...............................................................6

*Smith v. Google, LLC*,
735 F. Supp. 3d 1188 (N.D. Cal. 2024) ................................................7

*Tu v. Experian Info. Sols., Inc.*,
No. 24-CV-1221, 2025 WL 1134612 (S.D. Cal. Apr. 16, 2025)......3, 4

*United States v. Hooton*,
693 F.2d 857 (9th Cir. 1982)...........................................................2, 9

*Vargison v. Paula's Choice, LLC*,
No. 2:24-cv-342, 2025 WL 346197 (W.D. Wash. Mar. 13, 2025)...3, 4

*Wilson v. Huuuge, Inc.*,
944 F.3d 1212 (9th Cir. 2019) ....................................................................5

## I. INTRODUCTION

This Court's decision in *Knapke v. PeopleConnect, Inc.* controls district courts' review of motions to compel arbitration under the Federal Arbitration Act and establishes a three-part framework for such review: "a motion to compel arbitration akin to a motion to dismiss; followed by optional discovery before summary judgment, if the motion is denied; followed by a mini-trial, if necessary." 38 F.4th 824, 833 (9th Cir. 2022). Whitepages, Inc. ("Whitepages") moved to compel the Plaintiffs to arbitrate their claims in accordance with this framework. Yet, the district court rejected *Knapke* and erroneously denied Whitepages' motion without allowing Whitepages the opportunity for discovery.

Plaintiffs-Appellees ("Plaintiffs") cannot show that summary affirmance is appropriate in such a case. There exist substantial questions regarding whether a district court may properly reject this Court's controlling precedent as well as how it should apply that precedent. Moreover, assessment of these questions is premature at this stage of the appeal, which has not yet been briefed.

## II. BACKGROUND

On June 9, 2025, the district court denied Whitepages' motion to compel arbitration and deemed its request for limited discovery "waived" (Appellee's Motion for Summary Affirmance ("Mot.") Ex. A at 3, 5, 7). Whitepages timely filed a notice of appeal from the district court's Order on July 8, 2025. (Dkt. 1). It

then filed an unopposed motion to stay the district court case pending appeal pursuant to this Court's decision in *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023), which the district court granted. Then, on August 11, 2025, before either party had an opportunity to brief the issues on appeal in this case, Plaintiffs filed a Motion for Summary Affirmance of the district court's Order.

## III. ARGUMENT

Plaintiffs cannot satisfy the high burden for summary affirmance of the district court's order denying Whitepages' motion to compel arbitration. *See* 9th Cir. R. 3-6(a). This Court sets a "high bar for summary affirmance." *Do v. First Fin. Sec., Inc.*, 694 F. App'x 481, 484 (9th Cir. 2017). "A motion to affirm . . . should be filed only where 'it is manifest that the questions on which the decision of the cause depends are so unsubstantial as not to need further argument.'" *United States v. Hooton*, 693 F.2d 857, 858 (9th Cir. 1982) (quoting S. Ct. R. 16(1)(c)). "Motions to affirm should be confined to appeals obviously controlled by precedent and cases in which the insubstantiality is manifest from the face of appellant's brief." *Id.* Plaintiffs have failed to show that such circumstances are present here.

### A. Plaintiffs Have Failed to Show that Affirmance Is Obvious Under Controlling Precedent.

#### 1. *Knapke* Required the District Court to Permit Discovery.

In *Knapke*, this Court established the framework for reviewing motions to compel arbitration, which "mirrors the three phases of federal civil lawsuits: a motion to compel arbitration akin to a motion to dismiss; followed by optional discovery before summary judgment, if the motion is denied; followed by a mini-trial, if necessary." 38 F.4th at 833 (9th Cir. 2022).

As other district courts have recognized, *Knapke*'s framework is binding upon lower courts in the Ninth Circuit considering motions to compel arbitration. *See, e.g.*, *Vargison v. Paula's Choice, LLC*, No. 2:24-cv-342, 2025 WL 346197, at *9 (W.D. Wash. Mar. 13, 2025) (applying *Knapke* three-phase framework); *Tu v. Experian Info. Sols., Inc.*, No. 24-CV-1221, 2025 WL 1134612, at *9–10 (S.D. Cal. Apr. 16, 2025) (same); *Noel v. Roblox Corp.*, No. C24-963, 2024 WL 3747454, at *6 (N.D. Cal. Aug. 8, 2024) ("The present motion to compel arbitration is akin to the first phase: a motion to dismiss. As Roblox did not show it had an agreement to arbitrate with Plaintiffs as a matter of law, the case moves to the next phase: discovery. After discovery, the parties will brief—under the summary judgment standard—whether the record establishes as a matter of law Plaintiffs entered into an arbitration agreement with Plaintiffs.").

These courts correctly apply *Knapke* as follows: First, they determine whether a defendant has "establishe[d] as a matter of law Plaintiffs entered into an arbitration agreement." *Vargison, LLC*, 2025 WL 346197, at *9. If it has not, "the case moves to the next phase: discovery." *Id.* (holding motion to compel arbitration in abeyance and ordering parties to proceed with discovery because movant did "not demonstrate[] as a matter of law that it had an agreement to arbitrate with . . . Plaintiffs"). "After discovery, the parties will brief—under the summary judgment standard—whether the record establishes as a matter of law Plaintiffs entered into an arbitration agreement[.]" *Id.* (quoting *Noel*, 2024 WL 3747454, at *6 (N.D. Cal. Aug. 8, 2024)). In other words, "[c]ourts have interpreted *Knapke* as permitting the parties to conduct discovery before the moving party files a renewed motion to compel arbitration." *Tu*, 2025 WL 1134612, at *9 (citing *Vargison*, 2025 WL 346197, at *8-9, and *Noel*, 2024 WL 3747454, at *6).

Here, because the district court concluded that Whitepages failed to establish as a matter of law that the parties agreed to arbitrate (Mot. Ex. A at 7), *Knapke* mandates discovery. The district court erred in refusing it (*id.*).

That Plaintiffs interpret *Knapke* differently underscores that summary affirmance is inappropriate. Plaintiffs assert "*Knapke* plainly does not relieve a movant from its responsibility to present arguments and evidence in its initial

motion" (Mot. at 17). But Plaintiffs' interpretation ignores the critical question of what occurs in the three-step framework when the movant does not demonstrate as a matter of law that it is entitled to arbitrate. *Knapke* and its progeny demand that the next phase is discovery. *Knapke* itself is illustrative of how the Ninth Circuit has implemented this approach because the Court repeatedly found that the movant failed to establish any of the key evidentiary or legal issues that would entitle it to arbitrate (*e.g.*, when an agency relationship was formed, the scope of the agent's authority, ratification, implied authority), but nonetheless permitted discovery to proceed. 38 F.4th at 833. *Knapke*'s observation that the movant "noted in its motion that if the district court did not grant its motion, it requested leave to engage in limited discovery," 38 F.4th at 833, does not command the result Plaintiffs seek here either. *Knapke* made this observation as just one of two distinct bases for distinguishing this Court's decision in *Wilson v. Huuuge, Inc.*, the other and more important basis being that "since *Wilson*, we have confirmed that the FAA's procedure mirrors the three phases of federal civil lawsuits." *Id.* (citing 944 F.3d 1212 (9th Cir. 2019)).

Plaintiffs' motion for summary affirmance unpersuasively cites to case law that does not distinguish between a motion to compel arbitration brought at the motion to dismiss phase and a one brought post-discovery at the summary judgment phase (*See* Mot. at 10-11 (first citing *Hansen v. LMB Mortg. Servs., Inc.*,

1 F.4th 667, 672 (9th Cir. 2021), then citing *Reichert v. Rapid Investments, Inc.*, 56 F.4th 1220, 1227 (9th Cir. 2022)). *Hansen* addresses the trial phase and instructs that "once a district court concludes that there are genuine disputes of material fact as to whether the parties formed an arbitration agreement, the court must proceed without delay to a trial on arbitrability and hold any motion to compel arbitration in abeyance until the factual issues have been resolved." 1 F.4th at 672. *Reichert* makes only general statements regarding a movant's ultimate burden of proof at trial. 56 F.4th at 1227.

Far from departing from obviously controlling precedent, Whitepages followed *Knapke*'s framework and was entitled to discovery. These legal questions should be addressed on appeal and with the benefit of full merits briefing.

**2. The Abuse of Discretion Standard Does Not Apply.**

Plaintiffs contend that Whitepages must demonstrate the district court abused its discretion in failing to consider Whitepages' reply (Mot. Ex. E) and/or Nadine Thisselle's Declaration submitted in support of the motion to compel arbitration (Mot. Ex. F). Denial of a motion to compel arbitration is reviewed *de novo*, *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1175 (9th Cir. 2014), and *Knapke*'s controlling framework does not provide discretion to deny discovery

pertinent to the second, summary judgment phase of assessing a motion to compel (*supra* Section III.A.1).

Even without considering Whitepages' reply, the parties' briefing reflects that, at minimum, there are factual questions as to whether Plaintiffs or their agents agreed to Whitepages' Terms of Service, which includes an arbitration provision. Both Whitepages' motion (Mot. Ex. C at 2) and Plaintiffs' complaint cite to Whitepages website (Mot. Ex. B ¶ 16)—the authenticity of which plaintiffs do not dispute,[1] nor could they as the website content is central to their claims. *See Produce Pay, Inc. v. Izguerra Produce, Inc.*, 39 F.4th 1158, 1176 n.6 (9th Cir. 2022) (Hon. M. Smith, dissenting) ("The existence of statements made on Produce Pay's website is a proper subject of judicial notice."); *see also Smith v. Google, LLC*, 735 F. Supp. 3d 1188, 1195 (N.D. Cal. 2024) (taking judicial notice of defendant's website content, including terms of service); *cf. Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (taking into account website content not explicitly alleged in complaint because it provided necessary context for defamatory statements alleged in complaint and plaintiff did not dispute authenticity). The website establishes that Whitepages maintains Terms of Service, which include an

[1] Plaintiffs dispute that the website is admissible because it has not been authenticated. But Plaintiffs do not dispute the authenticity of the website, repeatedly refer to Whitepages' websites as owned and operated by Whitepages, and make claims against Whitepages that hinge on Whitepages owning and operating those websites (*e.g.*, Mot. Ex. B ¶¶ 16, 43, 47, 60, 237).

arbitration provision, that appear as a pop up that must be cleared (*see* Mot. Ex. C at 2). Plaintiffs acknowledge the Terms of Service exist (Mot. Ex. B ¶ 243) but dispute generally that users always encounter the Terms of Service pop up when they navigate to the site or that the pop up must be cleared. *See* Declaration of Tyler K. Somes in Support of Plaintiffs' Opposition to Defendant's Motion to Compel Arbitration ¶¶ 9-12.[2]

Further, the Complaint demonstrates that, prior to filing the Complaint, either Plaintiffs or their agent—likely counsel or their staff—navigated to the Whitepages website. The Complaint contains 24 screenshots of Whitepages' website content (Mot. Ex. B ¶¶ 49-50, 55, 57, 69, 74-75, 77-82, 96, 101-02, 104-06, 119, 125-26, 129-30)—the sole reasonable inference from the inclusion of those webpages in the Complaint is that Plaintiffs or their counsel visited and used the Whitepages website. The parties' briefing tees up a dispute as to whether Plaintiffs or their agents encountered or agreed to the Terms of Service. Notably, neither Plaintiffs nor their counsel declare that they did not encounter the Terms of Service when visiting or using Whitepages' website. *See generally* Ex. 1.

The reply only further highlights this factual issue. In reply, Whitepages responded to Plaintiffs' assertion that an individual can navigate on Whitepages' website without encountering the Terms of Service. *Compare* Ex. A ¶ 12, *with*

[2] A copy of the Somes Declaration is attached as Exhibit 1.

Mot. Ex. E at 6 ("In response to Plaintiffs' opposition, Whitepages conducted additional research to see if any user searched for Plaintiffs Carrera, Anderson, and Palmer in the same browsing session, in the weeks prior to the Complaint's filing."). Whitepages then submitted evidence that a user did indeed search for all three Plaintiffs *and* evidence that the user in question agreed to the Terms of Service, (Mot. Ex. F ¶ 9), which the district court agreed was indicative of an agency relationship, (Mot. Ex. A at 7 ("the fact that someone searched for all three of Plaintiffs' names suggests that they are involved in this litigation")).

Whether post-*Knapke* a district court can deny a motion to compel arbitration at the motion to dismiss phase and also deem a defendant to have "waived" discovery (Mot. Ex. A at 5), and, if so, under what factual circumstances, cannot be decided by summarily affirming the district court's erroneous decision. The parties must fully brief these issues for the Court and their application to the instant case.

### B. Plaintiffs Cannot Demonstrate that Whitepages' Arguments on Appeal Are Insubstantial.

To the extent Plaintiffs argue that Whitepages' arguments on appeal are insubstantial, they lack a basis for doing so. Plaintiffs filed this motion before Whitepages filed its opening brief. Thus, they cannot establish that "insubstantiality is manifest from the face of appellant's brief." *Hooton*, 693 F.2d at 858; *see also In re O'Brien*, 312 F.3d 1135, 1136 (9th Cir. 2002) (evaluating

opening brief to determine if summary affirmance is warranted). Even if it were appropriate to evaluate the substantiality of Whitepages' arguments at this premature stage, the discussion in Section III.A, *supra*, clearly demonstrates these arguments are well-grounded in applicable law and precedent and that full merits briefing is appropriate.

### C. *Coinbase* Does Not Require Summary Affirmance.

Finally, Plaintiffs suggest summary affirmance is appropriate because "[t]his appeal has been taken to 'improperly delay district court proceedings'" and the U.S. Supreme Court's decision in *Coinbase, Inc. v. Bielski* "invites application of the Court's 'robust tools to prevent unwarranted delay and deter frivolous interlocutory appeals.'" Mot. at 3 (quoting 599 U.S. at 744). However, Plaintiffs offer no support for their assertion that Whitepages seeks to "improperly delay district court proceedings." As Plaintiffs recognize, the FAA entitles Whitepages to an interlocutory appeal of an order denying a motion to compel arbitration, *see id*. at 1 (citing 9 U.S.C. § 16(a)), and Whitepages has exercised that right in good faith. Additionally, as in *Coinbase*, Plaintiffs do not (and cannot) argue that Whitepages' appeal is frivolous. The discussion in Section III.A, *supra*, demonstrates that Plaintiffs cannot satisfy the high standard for demonstrating a frivolous appeal. *See In re Becraft*, 885 F.2d 547, 548 (9th Cir. 1989) ("It is well

settled that an appeal is frivolous when the result is obvious or the arguments of error are wholly without merit.”).

## IV. CONCLUSION

The Court should deny Plaintiffs’ motion for summary affirmance and set a briefing schedule.

DATED this 21st day of August, 2025.

MARTINEZ & FARMER LLP

By ___ s/*Tyler L. Farmer* ___
By ___ s/*Ariel A. Martinez* ___

Tyler L. Farmer, WSBA #39912
Ariel A. Martinez, WSBA #54869
MARTINEZ & FARMER LLP
4020 East Madison, St., Suite 300
Seattle, WA 98112
Telephone: 206-208-2270
tyler@mfseattle.com
ariel@mfseattle.com

*Attorneys for Whitepages, Inc.*

## STATEMENT OF RELATED CASES

Whitepages, Inc. is unaware of any case currently pending before this Court that may be deemed a related case under Ninth Circuit Rule 28-2.6.

**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

**Form 8. Certificate of Compliance for Briefs**

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form08instructions.pdf*

**9th Cir. Case Number(s) 25-4219**

I am the attorney or self-represented party.

**This brief contains 2,348 words,** excluding the items exempted by Fed. R. App. P. 32(f). The brief's type size and typeface comply with Fed. R. App. P. 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[x] complies with the word limit of Cir. R. 32-1.

[ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[ ] is an **amicus** brief and complies with the word limit of Fed. R. App. P. 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
  [ ] it is a joint brief submitted by separately represented parties;
  [ ] a party or parties are filing a single brief in response to multiple briefs; or
  [ ] a party or parties are filing a single brief in response to a longer joint brief.

[ ] complies with the length limit designated by court order dated ______________.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** *s/ Tyler L. Farmer* **Date** August 21, 2025

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on August 21, 2025.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*s/Tyler L. Farmer*
Tyler L. Farmer